Arthur Kim, Esq. (SBN 212700)
ARTHUR KIM LAW FIRM
9440 Santa Monica Blvd, Ste 301
Beverly Hills, CA 90210
Tel: (310) 246-0316
Fax: (310) 246-0328
akim@arthurkimlaw.com

Attorney for Plaintiff DZUNG K. NGAC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DZUNG K. NGAC, an individual,<br><br>　　Plaintiff,<br><br>　　v.<br><br>SECRETARY OF VETERANS AFFAIRS;<br>DEPARTMENT OF VETERANS AFFAIRS; and<br>DOES 1-100, inclusive,<br><br>　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Discrimination Based on Age in Violation of 29 USC § 623(a);**<br>2. **Retaliation in Violation of 29 USC § 623(d);**<br>3. **Discrimination Based on Disability in Violation of 42 USC § 12112; and**<br>4. **Interference and Retaliation in Violation of 42 USC § 12203.**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES - 1

Plaintiff Dzung K. Ngac ("Plaintiff" or "Ngac") for her complaint against Defendants Secretary of Veterans Affairs, Department of Veterans Affairs, and Does 1-100, ("Defendants"), allege upon information and belief, except as to the allegations that pertain to Plaintiff and her counsel, as follows:

## PARTIES

1. Plaintiff is an adult female resident of the State of California.

2. Defendant Secretary of Veterans Affairs and Defendant Department of Veterans Affairs are referred to collectively herein as the "VA".

3. Plaintiff does not know the true names or capacities of Defendants Does 1-100.

4. Plaintiff therefore sues Defendants Does 1-100 by such fictitious names and will seek leave to amend the complaint to add their true names and capacities when the same have been ascertained.

5. At all times relevant to this complaint, Defendants and each of them, participated in, authorized, ratified, aided and abetted the doing of the acts alleged herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

7. Plaintiffs bring this action pursuant to the Age Discrimination in Employment Act of 1967, 29 USC § 621 et seq. and Americans with Disabilities Act, 42 USC § 12101 et seq., as more fully set forth herein.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since the events giving rise to the claims occurred in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff timely contacted an Equal Employment Opportunity counselor at the Department of Veterans Affairs on March 1, 2021, and timely filed a formal complaint of discrimination on May 28, 2021, which Plaintiff amended on July 20, 2021, and July 29, 2021.

## NGAC'S INJURIES

10. Ngac was employed by the VA from July 8, 2019 to June 19, 2021. Ngac was employed at the VA's facility located at 5901 E. 7th Street, Long Beach, California 90822. Ngac was employed as an ICU nurse. Ngac's supervisors included manager Kirandeep Rakkar ("Rakkar") and charge nurse Lydia Placinta ("Placinta").

11. Ngac is 66 years old. Ngac has arthritis in her right knee. Beginning in late September 2020 and continuing to the middle of January 2021, Ngac had arthritic pain in her right knee that made it more difficult for Ngac to walk and move. The VA and Rakkar were aware of Ngac's disability because Ngac had

informed the VA of her knee pain and her need for time off.  The VA and Rakkar were also aware of Ngac's disability because Ngac began to wear a black velcro support for her knee over her clothing and visibly walked with greater difficulty.

12. Ngac needed accommodation for her disability including time off and light duty.  The VA and Rakkar were aware of Ngac's need for accommodation, but did not initiate an interactive process to determine reasonable accommodation for Ngac's disability.  The VA and Rakkar were aware of Ngac's need for accommodation, but did not provide reasonable accommodation for Ngac's disability.  Instead, Ngac was forced to work in pain.

13. In fact, on October 13, 2020, Rakkar told Ngac that Ngac was "old and slow".  Rakkar told Ngac that Ngac better get out of the VA and was promised good references if she did.  Otherwise, Rakkar told Ngac: "hell will break loose" and Rakkar's staff would scrutinize Ngac's work to find fault.  Ngac was in shock.  Rakkar's comments created an intensely hostile work environment for Ngac based on Ngac's age and disability.  As a result, around November 2020, Ngac submitted a resignation letter.

14. But in December 2020, Ngac changed her mind.  Ngac did not want to be pushed out because of her age and disability.  Thereafter, Rakkar became furious and Ngac suffered retaliation until the end of her employment in June 2021, when she was terminated.  The retaliation included unfair scrutiny, unfair

discipline (including a performance improvement plan), unfavorable work assignments (specifically assignment to the covid patient area), unfavorable treatment in the privileges and benefits of employment, and finally termination.

15. As a result of Defendants' unlawful conduct, Ngac has been harmed and will continue to suffer harm. Ngac has suffered and will continue to suffer mental and emotional distress. Ngac has suffered and will continue to suffer loss of income and benefits.

**COUNT I**
DISCRIMINATION BASED ON AGE
(IN VIOLATION OF 29 USC § 623(a))
(On behalf of Plaintiff)
[Against All Defendants]

16. Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

17. Defendants terminated Plaintiff's employment and discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment, because of her age, in violation of 29 USC § 623(a).

18. Defendants' conduct was extreme and outrageous and has caused Plaintiff injury, damage, loss and harm, including loss of wages and benefits. Plaintiff seeks all recoverable damages including past lost wages and benefits, and future lost wages and benefits.

19. Defendants' conduct was willful, entitling Plaintiff to an award of

liquidated damages equal to Plaintiff's unpaid wages and benefits owing at the time of trial.

20. Plaintiff has incurred and will continue to incur attorneys' fees and costs in the prosecution of this action. Plaintiff is entitled to and seeks reasonable attorneys' fees pursuant to 29 USC §§ 216(b) and 626(b), and all other applicable law.

21. WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## COUNT II
RETALIATION
(IN VIOLATION OF 29 USC § 623(d))
(On behalf of Plaintiff)
[Against All Defendants]

22. Plaintiff repeats and realleges the preceding and subsequent paragraphs as though fully set forth herein.

23. Defendants retaliated against Plaintiff for opposing age discrimination, in violation of 29 USC § 623(d).

24. Defendants' conduct was extreme and outrageous and has caused Plaintiff injury, damage, loss and harm, including loss of wages and benefits. Plaintiff seeks all recoverable damages including past lost wages and benefits, and future lost wages and benefits.

25. Defendants' conduct was willful, entitling Plaintiff to an award of liquidated damages equal to Plaintiff's unpaid wages and benefits owing at the

time of trial.

26. Plaintiff has incurred and will continue to incur attorneys' fees and costs in the prosecution of this action. Plaintiff is entitled to and seeks reasonable attorneys' fees pursuant to 29 USC §§ 216(b) and 626(b), and all other applicable law.

27. WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**COUNT III**
DISCRIMINATION BASED ON DISABILITY
(IN VIOLATION OF 42 USC § 12112)
(On behalf of Plaintiff)
[Against All Defendants]

28. Plaintiff repeats and realleges the preceding and subsequent paragraphs as though fully set forth herein.

29. Defendants terminated Plaintiff's employment and discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment, because of Plaintiff's actual or perceived disability, in violation of 42 USC § 12112(a) and (b).

30. Defendants created a hostile work environment based on Plaintiff's actual or perceived disability, in violation of 42 USC § 12112(a) and (b).

31. Defendants failed to accommodate Plaintiff's known disability, in violation of 42 USC § 12112(a) and (b).

32. Defendants' conduct was extreme and outrageous and has caused

Plaintiff injury, damage, loss and harm, including loss of wages and benefits, severe mental and emotional distress, and physical pain.  Plaintiff seeks all recoverable damages including past and future lost wages and benefits, past and future mental and emotional distress, and past physical pain and suffering.

33. Plaintiff has incurred and will continue to incur attorneys' fees and costs in the prosecution of this action.  Plaintiff is entitled to and seeks attorneys' fees pursuant to 42 USC § 12205, and all other applicable law.

34. WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**COUNT IV**
INTERFERENCE AND RETALIATION
(IN VIOLATION OF 42 USC § 12203)
(On behalf of Plaintiff)
[Against All Defendants]

35. Plaintiff repeats and realleges the preceding and subsequent paragraphs as though fully set forth herein.

36. Defendants interfered with Plaintiff's exercise and enjoyment of her right to be free of disability discrimination, in violation of 42 USC § 12203(b).

37. Defendants retaliated against Plaintiff for opposing disability discrimination, in violation of 42 USC § 12203(a).

38. Defendants' conduct was extreme and outrageous and has caused Plaintiff injury, damage, loss and harm, including loss of wages and benefits, severe mental and emotional distress, and physical pain.  Plaintiff seeks all

recoverable damages including past and future lost wages and benefits, past and future mental and emotional distress, and past physical pain and suffering.

39. Plaintiff has incurred and will continue to incur attorneys' fees and costs in the prosecution of this action. Plaintiff is entitled to and seeks attorneys' fees pursuant to 42 USC § 12205, and all other applicable law.

40. WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

(a) That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

(b) For general, special, actual, compensatory, liquidated and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial;

(c) For liquidated damages pursuant to 29 USC §§ 216(b) and 626(b);

(d) For costs and expenses of this litigation;

(e) For reasonable attorneys' fees pursuant to 29 USC §§ 216(b) and 626(b) and 42 USC § 12205;

(f) For pre and post-judgment interest on all damages and other

relief awarded herein from all entities against whom such relief may be properly awarded; and,

(g) For all such other relief as this Court deems just and appropriate.

Dated: September 26, 2022                ARTHUR KIM LAW FIRM

_____
Arthur Kim, Esq.
Attorney for Plaintiff DZUNG K. NGAC

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial.

Dated: September 26, 2022        ARTHUR KIM LAW FIRM

_____
Arthur Kim, Esq.
Attorney for Plaintiff DZUNG K. NGAC